IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA ADAMS, | No. C 06-07321 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

*Pro se* Plaintiff Anita Adams ("Plaintiff") filed this lawsuit against the Federal Bureau of Investigation ("Defendant") in Contra Costa County Superior Court. Defendant removed the case from state court to this Court on the basis of the federal claims it presents. See 28 U.S.C. §§ 1331, 1441. Now pending before the Court is Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion is hereby GRANTED and the case DISMISSED with prejudice.

**BACKGROUND**

This is not the first lawsuit that Plaintiff has filed in this Court against Defendant. In 2000, Plaintiff filed suit against more than twenty defendants, including various officials in public government and the Catholic Church, alleging that they had participated in a vast conspiracy to commit "murder by mandate," theft and money laundering, involuntary

manslaughter, wrongful death, and assorted violations of her constitutional rights. This Court dismissed her complaint, finding that it was "based completely upon delusions of persecution." Adams v. Vidiera, No. 00-4586, at 7-8 (N.D. Cal. Mar. 16, 2001). Similarly, in 2002, she filed a lawsuit against the State of California for the conduct of local officials who allegedly subjected her to "harmful MRI type rays," injected her with a "truth serum," robbed her of her inheritance, and monitored her "through closed circuit, or hidden camera." Again, this Court dismissed her complaint, noting that she was "raising many of the same delusional allegations made in the [previous] action." Adams v. State of California, No. 02-5419, at 2, 4 (N.D. Cal. Jan. 24, 2004).

In the present lawsuit, Plaintiff paints a similarly delusional portrait of extreme persecution. Her complaint reads as follows:

> I was repeatedly monitored through hidden cameras while in the privacy of my own home. I was rendered unconscious with a chemical substance or medication that is usually used for surgery by the Eloheem. While unconscious: I had my blood drawn from the armpit area, as they wanted to see if I were any relation to the Morph Emperor. They could not outright ask me, they had to be underhanded about it. This was the first time that this substance had been used on me, and I had a sensitivity reaction to it, and nearly died. The "Rotten Bastard" wished to leave me, because doing anything about it would let everyone know they were in my room illegally. Two district attorneys stayed by my bedside monitoring me. It was suggested by them that the Eloheem be called back. The Eloheem came back and administered medication and oxygen which saved my life.

(Compl. at 2.) The complaint identifies other "torments" committed by various identified and unidentified government actors, including the "inject[ion] of a narcotic type substance into my rectum" by "an Eloheem dentist," and it suggests that numerous judges and attorneys have been imprisoned in connection with her case. The complaint does not explain who the "Eloheem" or the "Morph Emperor" are, but promises to identify these entities in future submissions to the Court. "Rotten Bastard" is identified as an pseudonymous FBI agent, whom the complaint describes as a "madman obsessed with his own career ambitions." Plaintiff indicates that although she has had advocates in previous matters through "channel 3 television," she claims that she is currently seeking an attorney to represent her in the case. Plaintiff seeks $6 million in compensation. Since filing her complaint, Plaintiff has had no

further contact with the Court, either in response to correspondence from the Court or in opposition to Defendant's motion to dismiss.

## DISCUSSION

As in the two previous cases filed by Plaintiff regarding her alleged persecution by government actors, the Court concludes that dismissal of her current lawsuit is also warranted. First, it is apparent that in this action she is again raising many of the same delusional allegations made in the two actions already dismissed, including the allegations as to the government's "monitoring" of her. For this reason, her suit is barred by the principle of res judicata.

Moreover, to the extent Plaintiff has set forth new allegations that are not barred, those allegations, too, must be dismissed. As with her prior complaints, the present complaint is based entirely on delusional perceptions of persecution, unreasonable inferences drawn from those delusions, incoherent explanations of fact, or conclusory legal claims cast in the form of factual allegations. Plaintiff has not stated a cogent claim against Defendant, and in light of her litigation history and the nature of her allegations, the Court finds that permitting her to amend her complaint will clarify neither her claims nor the factual basis on which they rest. Accordingly, Defendant's motion to dismiss for failure to state a claim is GRANTED. For the sake of judicial economy, Plaintiff's complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: February 26, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2006\7321\order1.wpd            3